IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Rudolf G. Berzins | CHAPTER 13 |
| Debtor | |
| Toyota Motor Credit Corporation | |
| Movant | NO. 16-15598 JKF |
| vs. | |
| Rudolf G. Berzins | |
| Debtor | 11 U.S.C. Section 362 |
| William C. Miller | |
| Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.        The post-petition arrearage on the Vehicle Retail Installment Contract ("Agreement") referenced in the Motion is **$1,632.13,** which is itemized as follows:

| | |
|---|---|
| Post-Petition Payments: | March 28, 2017 through May 28, 2017 at $547.54/month |
| Minus Refund of NSF Charge: | ($10.00) |
| Minus Suspense Balance: | ($0.49) |
| **Total Post-Petition Arrears** | **$1,632.13** |

2.        The Debtor shall cure the aforesaid arrearage, while maintaining ongoing contractual mortgage payments, in the following manner:

a).        Beginning in June 2017 and continuing through November 2017, until the arrearages are cured, Debtor shall pay the regular contractual monthly installment payment of **$547.54** under the Agreement (or as adjusted under terms of the Agreement) on or before the eighteenth (18th) day of each month, with late charges being assessed after the 28th of the month (or as adjusted under the terms of the Agreement), plus an additional installment payment of **$272.02** towards the cure of the arrearage on or before the last day of each month;

b).        Debtor shall maintain contractual monthly installment payments due under the Agreement thereafter;

c).        Debtor shall use the following payment address when mailing all payments:

Toyota Motor Credit Corporation
P.O. Box 9490
Cedar Rapids, Iowa 52409-9490

3.        Should Debtor provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4.       In the event that the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court, upon which the Court shall enter an Order granting the Movant relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3), which the parties hereby agree to waive with respect to any such order.

5.       If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

6.       If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7.       The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the Agreement, and applicable law.

8.       The parties agree that a facsimile signature shall be considered an original signature.

Date:    June 7, 2017

By: /s/ Matteo S. Weiner, Esquire
Matteo S. Weiner, Esquire
Thomas I. Puleo, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734
Attorneys for Movant

Date:    6/15/17

Zachary Perlick, Esquire
Attorney for Debtor

Date:    6/23/17

**NO OBJECTION**

William C. Miller, Chapter 13 Trustee

Approved by the Court this 29th day of _____June_____, 2017. xxxxxxxxxxxxxxxxxxxxxxx
xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx.

Bankruptcy Judge
Jean K. Fitzsimon