United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                              Case No. 16-15598-jkf
Rudolf G. Berzins                                                                   Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2          User: Virginia            Page 1 of 1              Date Rcvd: Jun 29, 2017
                              Form ID: pdf900           Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 01, 2017.
db              +Rudolf G. Berzins,    610 Cider Mill Lane,    Perkasie, PA 18944-4082

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                  TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                  TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 01, 2017                                    Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 29, 2017 at the address(es) listed below:
              ALBERT JAMES MILLAR    on behalf of Creditor    PA Dept of Revenue RA-occbankruptcy3@state.pa.us,
               RA-occbankruptcy6@state.pa.us
              JEREMY JOHN KOBESKI    on behalf of Creditor    Toyota Motor Credit Corporation paeb@fedphe.com
              MARIO J. HANYON    on behalf of Creditor    Toyota Motor Credit Corporation paeb@fedphe.com
              MARTIN A. MOONEY    on behalf of Creditor    TD BANK, N.A. tshariff@schillerknapp.com,
               ahight@schillerknapp.com
              MATTEO SAMUEL WEINER    on behalf of Creditor    Toyota Motor Credit Corporation
               bkgroup@kmllawgroup.com
              PHILLIP D. BERGER    on behalf of Creditor    Customers Bank, f/k/a New Century Bank
               berger@bergerlawpc.com, kaufmann@bergerlawpc.com
              REBECCA K. MCDOWELL    on behalf of Creditor    Customers Bank, f/k/a New Century Bank
               rmcdowell@slgcollect.com, pwirth@slgcollect.com
              STEPHEN VINCENT BOTTIGLIERI    on behalf of Creditor    Delaware County Tax Claim Bureau
               steve@bottiglierilaw.com, ecfnotice@comcast.net
              THOMAS I. PULEO    on behalf of Creditor    Toyota Motor Credit Corporation tpuleo@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com, philaecf@gmail.com
              ZACHARY PERLICK    on behalf of Debtor Rudolf G. Berzins Perlick@verizon.net,
               pireland1@verizon.net
                                                                                             TOTAL: 12

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Rudolf G. Berzins<br>                 Debtor | CHAPTER 13 |
| Toyota Motor Credit Corporation<br>                 Movant<br>vs. | NO. 16-15598 JKF |
| Rudolf G. Berzins<br>                 Debtor<br>William C. Miller<br>                 Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the Vehicle Retail Installment Contract ("Agreement") referenced in the Motion is **$1,632.13,** which is itemized as follows:

| | |
|---|---|
| Post-Petition Payments: | March 28, 2017 through May 28, 2017 at $547.54/month |
| Minus Refund of NSF Charge: | ($10.00) |
| Minus Suspense Balance: | ($0.49) |
| **Total Post-Petition Arrears** | **$1,632.13** |

2. The Debtor shall cure the aforesaid arrearage, while maintaining ongoing contractual mortgage payments, in the following manner:

    a). Beginning in June 2017 and continuing through November 2017, until the arrearages are cured, Debtor shall pay the regular contractual monthly installment payment of **$547.54** under the Agreement (or as adjusted under terms of the Agreement) on or before the eighteenth (18th) day of each month, with late charges being assessed after the 28th of the month (or as adjusted under the terms of the Agreement), plus an additional installment payment of **$272.02** towards the cure of the arrearage on or before the last day of each month;

    b). Debtor shall maintain contractual monthly installment payments due under the Agreement thereafter;

    c). Debtor shall use the following payment address when mailing all payments:

> Toyota Motor Credit Corporation
> P.O. Box 9490
> Cedar Rapids, Iowa 52409-9490

3. Should Debtor provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event that the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court, upon which the Court shall enter an Order granting the Movant relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3), which the parties hereby agree to waive with respect to any such order.

5. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

6. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the Agreement, and applicable law.

8. The parties agree that a facsimile signature shall be considered an original signature.

Date: June 7, 2017

By: /s/ Matteo S. Weiner, Esquire
Matteo S. Weiner, Esquire
Thomas I. Puleo, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734
Attorneys for Movant

Date: 6/15/17

Zachary Perlick, Esquire
Attorney for Debtor

Date: 6/23/17

**NO OBJECTION**
William C. Miller, Chapter 13 Trustee

Approved by the Court this 29th day of June, 2017. ~~xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx~~.

Bankruptcy Judge
Jean K. Fitzsimon